Lin v. Garland

BIA
Christensen, IJ
A096 120 205

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

XIUFENG LIN
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

19-2840
NAC

_____

FOR PETITIONER:       Gary J. Yerman, New York, NY.

FOR RESPONDENT:       Joseph H. Hunt, Assistant Attorney
                      General; Keith I. McManus,
                      Assistant Director; Rachel L.
                      Browning, Trial Attorney, Office

of Immigration Litigation, United
States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiufeng Lin, a native and citizen of the People's Republic of China, seeks review of an August 21, 2019, decision of the BIA affirming a January 18, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Xiufeng Lin*, No. A096 120 205 (B.I.A. Aug. 21, 2019), *aff'g* No. A096 120 205 (Immig. Ct. N.Y. City Jan. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

2

As an initial matter, we lack jurisdiction to review the agency's denial of Lin's asylum claim as untimely.  An asylum claim must be filed within one year of entry or within a reasonable time of "either . . . changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing." 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5).  Our jurisdiction to review the timeliness finding or whether an application was filed within a reasonable time of the changed or extraordinary circumstances is limited to "constitutional claims or questions of law."  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  Lin has not raised a question of law sufficient to invoke our jurisdiction as she disputes the agency's factual determinations regarding when she knew of conditions for Christians in China and the reasonableness of her delay after that point.  Moreover, as discussed below, the agency did not err in its alternative denial of relief on the merits.

Lin asserted both a fear of forced sterilization because she has two U.S. citizen children and plans to have additional children and a fear of persecution because she became a

3

Christian while in the United States.  To demonstrate a well-founded fear of persecution, an asylum applicant must "establish that [her] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), but a fear is not objectively reasonable if it lacks "solid support in the record" and is merely "speculative at best," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).  An applicant can either show that she would be singled out for persecution or demonstrate a pattern or practice of persecution of a group of similarly situated people.  8 C.F.R. § 1208.13(b)(2). "[T]o establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in h[er] country of nationality are (1) aware of h[er] activities or (2) likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

The agency reasonably rejected Lin's fear of persecution under the family planning policy.  In assessing a fear of

4

sterilization under a coercive population control policy, the agency considers whether the applicant has "(1) identified the government policy implicated by the births at issue, (2) established that government officials would view the births as a violation of the policy, and (3) demonstrated a reasonable possibility that government officials would enforce the policy against petitioner through means constituting persecution." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143 (2d Cir. 2008).

Lin conceded that China has relaxed the family planning policy and she was not in violation of it at the time of her hearing. Moreover, for largely the reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that Lin failed to show a well-founded fear of persecution. *See id.* at 158–67. The State Department report and Lin's other country conditions evidence discussed forced abortions and sterilization, but recognized that the family planning policy primarily was enforced with fines and that the degree of enforcement varied by region. The evidence did not address the frequency or manner of enforcement in Lin's native Fujian Province. Given the lack of evidence of forced

sterilizations in Fujian Province for individuals with U.S. citizen children, the agency reasonably found Lin's claim speculative. *Id.* at 157-58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."); *Jian Xing Huang*, 421 F.3d at 129 ("In the absence of solid support in the record for Huang's assertion that he will be subjected to forced sterilization, his fear is speculative at best.").

The agency also reasonably concluded that Lin did not establish a well-founded fear of future persecution as a Christian. Lin admitted that the authorities were not aware of her activities, and did not present evidence of a "unique, individualized risk of persecution in China," *Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021). She alleged that her sister-in law was arrested for practicing Christianity in China, but she provided no corroboration or details to explain why she would suffer the same fate. Accordingly, her claim turned on whether she demonstrated a pattern or practice of persecution of similarly situated Christians. *Id.* Where, as here, the conditions for Christians vary by locality, Lin

6

had to show persecution in her region.  *Id.*  Lin did not do so.

The State Department's 2016 International Religious Freedom Report reveals some abuse, detention, and harassment of religious adherents, but also that "religious regulations . . . vary by province" and, "[d]espite an overall tightening in spaces for unregistered churches to operate, in some areas, members . . . said they had more freedom than in the past to conduct religious services, as long as they gathered only in private and kept congregation numbers low."  U.S. Dep't of State, 2016 Report on Int'l Religious Freedom: China (Includes Tibet, Hong Kong, and Macau), https://www.state.gov/reports/2016-report-on-international-religious-freedom/china-includes-tibet-hong-kong-and-macau/.  The report mentions restriction of religious practice in several provinces but does not mention Lin's native Fujian Province, other than in connection to a missing Zen Buddhist Monk.  *Id.*  Lin's evidence—a 2016 China Aid Association Annual Report, an Amnesty International report, and news articles—describe the detention of lawyers, pastors, and leaders of underground churches, identify issues for some

practitioners who, for example, attempted to block the destruction of their churches or resist arrest, and discuss a general tightening of religious restrictions. However, she has made no showing of restrictions in Fujian Province. *See Jian Liang*, 10 F.4th at 117 (holding that applicant failed to meet burden where his evidence did not "speak[] to persecution occurring in [his] home province of Fujian").

Because Lin did not show the well-founded fear of persecution needed to make out an asylum claim, she was "necessarily" unable to meet the higher standard for withholding of removal and CAT protection. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8